920 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dock PIPPENS, Petitioner-Appellant,
v.
Gary MOHR, Respondent-Appellee.
 No. 90-3076.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1990.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Dock Leroy Pippens, an Ohio prisoner proceeding without benefit of counsel, appeals from the judgment of the district court denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In this case, Pippens sought credit against his Ohio sentence for the time spent in a New York prison before the date on which he returned to Ohio to plead guilty.
 
 
 3
 The gravamen of Pippen's complaint is that he was led to believe that he would receive retroactive credit from the New York sentence against his Ohio sentence and that his guilty plea was therefore involuntary because he operated under a fundamental mistake of fact. Pippens also alleged that he was denied effective assistance of counsel and due process of law.
 
 
 4
 The district court held that Pippens's "retroactive credit" argument was meritless; that his ineffective assistance of counsel argument was waived as a result of his procedural default and lacked merit; and that his due process claim was not cognizable in federal habeas corpus. See Santobello v. New York, 404 U.S. 257, 262 (1971); Strickland v. Washington, 466 U.S. 668, 687-88 (1984); and Pulley v. Harris, 465 U.S. 37, 41 (1984).
 
 
 5
 Upon review, we find no error. The expanded record clearly fails to support any contention that Pippens entered a guilty plea believing that he would be given retroactive credit for the time spent in a New York prison. Similarly, Pippens's ineffective assistance of counsel claim lacks merit, and his due process argument is not cognizable in federal habeas corpus.
 
 
 6
 Accordingly, we hereby affirm the judgment of the district court for the reasons set forth in the court's opinion and order dated December 13, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.